Electronically Filed
5/23/2024 9:00 AM
Second Judicial District, Nez Perce County
Patty Weeks, Clerk of the Court
By: Amber Gurney, Deputy Clerk

PAUL THOMAS CLARK
Idaho State Bar No. 1329
CLARK and FEENEY, LLP
Attorneys for Plaintiff
The Train Station
13th and Main Streets
P. O. Drawer 285
Lewiston, Idaho 83501
Telephone: (208) 743-9516

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

| | | |
|---|---|---|
| DAVID R. JONES, an individual, | ) | Case No. CV35-24-0824 |
| Plaintiff, | ) | |
| vs. | ) | **COMPLAINT FOR PERSONAL INJURY AND DEMAND FOR JURY TRIAL** |
| JENNIFER R. CHEEK, an individual, | ) | |
| Defendant. | ) | |

COMES NOW, the named Plaintiff and for his causes of action against the Defendants, and each of them, and alleges as follows:

I.

JURISDICTION AND VENUE

1.     At all times mentioned herein, Plaintiff, an individual, is and was a resident of the State of Idaho, Nez Perce County, therein, City of Lewiston, therein.

2.     At all times mentioned herein, Defendant Jennifer R. Cheek, an individual, upon information and belief, is and was a resident of Nez Perce County.

3.     The portion of U.S. 12 Highway crossing Memorial Bridge was the location of the within relevant subject motor vehicle accident, and is and was within the County of Nez Perce, State of Idaho, and within the jurisdiction and venue of this Court.  At all times mentioned herein,

COMPLAINT AND DEMAND FOR JURY TRIAL        -1-

Memorial Bridge was a well noticed and clearly marked construction activity area, and was reduced to only two lanes, one in each direction, with no physical divider.

4.      Venue is proper in this Court pursuant to Idaho Code § 5-404, as Defendant Cheek resides within the County of Nez Perce.  Venue is further proper in this Court as the within subject automobile accident causing loss and injury to Plaintiff occurred within the County of Nez Perce.

5.      The amount of damages alleged, being over ten-thousand dollars, ($10,000) precludes this case from assignment to the Magistrate Division of the District Court.

II

GENERAL ALLEGATIONS

6.      On February 3, 2024, Plaintiff was the owner and operator of a 2022 Chevrolet Silverado motor vehicle, Idaho State license plate number N210004, VIN 1GCPDKEK1NZ622876 (hereinafter "Plaintiff's Vehicle").

7.      On February 3, 2024, Defendant Cheek was the owner and operator of a 2022 Nissan Rogue motor vehicle, Arizona State license plate number ARD90Y, VIN JN8BT3DD1NW277845 (hereinafter "Defendant's Vehicle").

8.      On February 3, 2024, at approximately 9:51 pm, Plaintiff was traveling in Plaintiff's Vehicle northbound on Memorial Bridge.  At said approximate time and place, Defendant Cheek was operating and traveling in Defendant's Vehicle southbound on Memorial Bridge.  At said time and place, as Defendant Cheek was approaching Plaintiff's position traveling northbound on Memorial Bridge, Defendant Cheek was operating Defendant's Vehicle in an inattentive, negligent, reckless and dangerous manner, causing Defendant's Vehicle to swerve back and forth both within its southbound lane, and back and forth across the center line into oncoming northbound lane traffic. As Defendant's Vehicle came to Plaintiff's vehicle on the wrong side of the center line in the

COMPLAINT AND DEMAND FOR JURY TRIAL        -2-

northbound lane, Defendant Cheek operated Defendant's Vehicle in such a manner as to cause Defendant's Vehicle to wildly swerve left of center on the roadway, thereby striking Plaintiff's Vehicle (hereinafter the "Subject Collision").

9.    Plaintiff is informed and believes, and thereon alleges, that at the time of the Subject Collision, Defendant Cheek was operating her vehicle while significantly impaired by alcohol and/or other intoxicating substances, with a blood-alcohol concentration level in excess of 0.08.

10.    At said time and place, Plaintiff was operating Plaintiff's Vehicle in a safe, legal and attentive manner, but was without time or room to move his Vehicle in any direction to avoid being struck by Defendant Cheek in the Subject Collision.

11.    As a result of the Subject Collision, Plaintiff sustained significant injuries, requiring extensive medical testing and treatment, and subsequent rehabilitation, including but not limited being required to undergo surgery to repair his rotator cuff.

12.    As a result of the Subject Collision, Plaintiff's Vehicle sustained significant damages, to the extent that repair was unfeasible and Plaintiff's Vehicle was considered a total loss.  At the time of the Subject Collision, Plaintiff's outstanding balance on his Vehicle loan was $10,075.14. Therefore, as a result of the Subject Collision caused by Defendant Cheek, Plaintiff has sustained property damage related to the loss and value of Plaintiff's Vehicle in amounts in excess of $10,075.14, to be proven at the time of trial.

13.    As a result of the injuries sustained by Plaintiff in the Subject Collision, Plaintiff has sustained damages for medical expenses and treatments, and loss of work and income, and will sustain further damages for future medical expenses and treatments, and future loss of work and income, in amounts to be proven at the time of trial.

COMPLAINT AND DEMAND FOR JURY TRIAL        -3-

14.     Plaintiff has endured, and will continue to endure pain and suffering as a result of the injuries resulting from the Subject Collision, and other non-economic damages which damages will be proven at the time of trial.

III.

CAUSE OF ACTION FOR NEGLIGENCE

15.     The Plaintiff, hereby re-alleges, and incorporates the foregoing paragraphs in their entirety into the following allegations.

16.     Defendant Cheek knew, or in the exercise of reasonable care should have known that when crossing on Memorial Bridge, she had a duty to operate her vehicle so as to stay to the right of center of the road, and at a reasonable and prudent speed, to avoid collision with oncoming traffic.

17.     Defendant Cheek knew, or in the exercise of reasonable care should have known that she would very likely cause damage to oncoming traffic vehicles by failing to operate her vehicle so as to stay to the right of center of the road, and at a reasonable and prudent speed, the danger and likelihood of which increases due to the confining nature of narrow and limited number of lanes on Memorial Bridge.

18.     Defendant Cheek knew, or in the exercise of reasonable care should have known that she would very likely cause injuries to the operators of oncoming traffic vehicles by failing to operate her vehicle to stay to the right of center of the road, and at a reasonable and prudent speed.

19.     Defendant Cheek knew, or in the exercise of reasonable care should have known, that she would very likely cause injuries and property damage to others by operating her vehicle while impaired by alcohol and/or other intoxicating substances.

20.     The acts and negligence of Defendant Cheek were the direct and proximate causes of Plaintiff's damages and injuries as heretofore alleged.

COMPLAINT AND DEMAND FOR JURY TRIAL       -4-

LAW OFFICES OF
CLARK AND FEENEY, LLP
LEWISTON, IDAHO 83501

IV.

CAUSE OF ACTION FOR NEGLIGENCE PER SE

21.     Plaintiff hereby re-alleges,  and incorporates the foregoing paragraphs in their entirety into the following allegations.

22.     The injuries and damages as hereinafter alleged were the proximate result of the negligence per se on the part of the Defendant Cheek, in the following particulars:

(a)     In operating a vehicle in a reckless, negligent and dangerous fashion, contrary to Idaho Code § 49-1401.

(b)     In operating a vehicle in a careless or inattentive manner, contrary to Idaho Code § 49-1401.

(c)     In operating a vehicle in disregard of the safety of persons or property, contrary to Idaho Code § 49-1401.

(d)     In operating a vehicle without the exercise of due care, in violation of Idaho Code § 49-615.

(e)     In failing to operate her vehicle on the right side of the roadway, in violation of Idaho Code § 49-630.

(f)     In operating a vehicle in disregard to safety of persons or property, contrary to Idaho Code § 49-638.

(g)     In operating her vehicle while intoxicated by alcohol in violation of Idaho Code § 18-8004.

(h)     In violation of other traffic laws of the State of Idaho which constitute negligence per se.

COMPLAINT AND DEMAND FOR JURY TRIAL      -5-

23.     The acts and negligence of Defendant Cheek were the direct and proximate causes of Plaintiff's damages and injuries as heretofore alleged.

24.     Said statutes clearly define that any driver shall adhere their conduct to a standard whereby a driver must take reasonable steps to safely stay to the right of center while operating on any highway or road.

25.     Said statutes were intended to prevent the kind of harm stemming from an automobile collision as was suffered by Plaintiff.

26.     Said statutes were intended to protect a class of individuals, such as drivers including and similarly situated as Plaintiff.

27.     By failing to observe oncoming traffic, and by failing to maintain Defendant's Vehicle to the right of center of Memorial Bridge, Defendant Cheek was negligent per se under I.C. §§ 18-8004, 49-630, 49-641, and 49-1401, when she caused the Subject Collision.

28.     By failing to adhere to such a standard of conduct, it was foreseeable that Defendant Cheek would cause damages to Plaintiff's Vehicle, and injuries to Plaintiff, such as Plaintiff has sustained and continues to suffer.

V.

NOTICE OF INTENT TO AMEND COMPLAINT TO SEEK PUNITIVE DAMAGES

22.     Defendant Cheek's actions amounted to either willful and wanton or reckless misconduct at the time of the above referenced incident, said misconduct proximately caused said damages to Plaintiff.  Pursuant to I.C. § 6-1603(4), the limitation of awards for non-economic damages prescribed by I.C. § 6-1603(1) is not applicable to Plaintiff's claim for damages in this case. In addition to compensatory damages, Plaintiff will seek an award in an amount which will punish the Defendant and thereby deter the Defendant and others from engaging in similar conduct in the

COMPLAINT AND DEMAND FOR JURY TRIAL          -6-

future. Plaintiff, by this paragraph, gives the Defendant notices of this intent to ask the Court to amend this Complaint to seek punitive damages. Defendant's discovery should proceed accordingly

VI.

ATTORNEYS' FEES AND COSTS

34.     In order to recover the damages referred to above, it has been necessary for the Plaintiff to employ Paul Thomas Clark of the Law Offices of Clark and Feeney LLP, Lewiston, Idaho, to represent him in this action. The Defendants should be ordered to pay to the Plaintiff an amount as and for reasonable attorney's fees as the court deems just, and for costs necessarily incurred in prosecuting this action, pursuant to I.C. 12-121. A reasonable amount for attorney's fees if this matter is uncontested is $7,500.

WHEREFORE, Plaintiff prays for judgment against the Defendant, Jennifer R. Cheek, as follows:

1)     For judgment against the Defendant, and each of them, for all economic and non-economic damages sustained as prayed above and as disclosed in discovery during the progress of this action, which amount, to be proven at trial, exceeds the jurisdiction of the magistrate court, which said damages are continuing to accrue;

2)     For attorney's fees and costs necessarily incurred herein; and

3)     For all other and further just relief.

DATED this 23rd day of May, 2024.

CLARK and FEENEY, LLP

By:_____
Paul T. Clark, a member of the firm.
Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL     -7-

STATE OF IDAHO          )
                        ) ss.
County of Nez Perce     )

DAVID JONES, being first duly sworn on oath, deposes and says:

That he is the plaintiff above named, that he has read the foregoing amended complaint, and the contents thereof and the facts stated therein are true to the best of his knowledge, information and belief.

_____
DAVID JONES

SUBSCRIBED and SWORN to before me, this 23 day of May, 2024.



_____
Notary Public in and for the State of Idaho
Residing at: Lewiston, Idaho
My commission expires: April 10, 2029

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial of all issues in this cause and state pursuant to Rule 38(b) of the Idaho Rules of Civil Procedure; that said plaintiff will not stipulate to a jury of less than twelve (12) persons in number.

DATED this 23rd day of May, 2024.

CLARK and FEENEY, LLP

By_____
Paul Thomas Clark, a member of the firm.
Attorneys for Plaintiff.

COMPLAINT AND DEMAND FOR JURY TRIAL     -8-